IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENNIS COLLINS, *

   Plaintiff, *

v. * Civil No. TJS-17-1530

WASHINGTON SUBURBAN SANITARY *
COMMISSION,
    *
   Defendant.
\* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Dennis Collins ("Collins") brought this lawsuit against Defendant Washington Suburban Sanitary Commission ("WSSC") for violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (ECF No. 1.) In his Complaint, Collins alleges WSSC discriminated against him on the basis of his age and his race. Now pending before the Court is WSSC's "Motion to Dismiss Plaintiff's Age-Based Discrimination Claim" ("Motion") (ECF No. 20). Collins has not filed a response to the Motion and the time for doing so has passed. *See* Loc. R. 105.2. I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

**I.    Background**

Collins is a 60-year-old African American man. (ECF No. 1 at 5.) In his Complaint, he alleges that WSSC did not select him for the position of Water Plant Operator, even though his qualifications exceeded those required for the position and he had previously held the same position. (*Id.* at 6.) Instead, WSSC hired two white applicants. (*Id.*) Collins asserts that WSSC

failed to hire him for the Water Plant Operator position because of discrimination on the basis of his race and his age.

Before he filed this lawsuit, Collins filed a Charge of Discrimination ("Charge") with the Maryland Commission on Civil Rights and the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1-1.) In his Charge, Collins alleged that WSSC had discriminated against him because of his race. Notably, he did not allege that WSSC had discriminated against him because of his age. (*Id.*)

## II.     Legal Standard

Motions to dismiss employment discrimination claims based on a failure to exhaust administrative remedies are typically construed as motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Plummer v. Wright*, No. TDC-16-2957, 2017 WL 4417829, at *4 (D. Md. Oct. 3, 2017) (citing *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009)).[1] On a Rule 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## III.    Discussion

Both the ADEA and Title VII require a plaintiff to "exhaust [their] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v.*

---

[1] Failure to exhaust administrative remedies does not always deprive a court of subject matter jurisdiction. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." In *Jones*, the Fourth Circuit noted that *Zipes* only stands for the proposition that the "*untimeliness* of an administrative charge does not affect federal jurisdiction," and that a failure to exhaust administrative remedies otherwise deprives a court of subject matter jurisdiction. 441 F.3d at 300 n.2; *see also Roberts v. Am. Neighborhood Mort. Acceptance Co.*, No. JKB-17-0157, 2017 WL 3917011, at *3 (D. Md. Sept. 6, 2017).

*Fairfax Cty.*, 681 F.3d 591, 592 (4th Cir. 2012); *see also Jones*, 551 F.3d at 301. The EEOC charge "defines the scope of the plaintiff's right to instate a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Jones*, 551 F.3d at 300. If an "EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex," the claim will generally be barred for the plaintiff's failure to exhaust administrative remedies. *Id.*

WSSC correctly notes that Collins did not allege that he was discriminated because of his age in his Charge. (ECF No. 20 at 5.) Instead, he alleged that he was discriminated against on the basis of his race. (ECF No. 1-1 at 2.) In the section of the Charge labeled "DISCRIMINATION BASED ON," Collins checked the box for "RACE," but not the box for "AGE." (*Id.*) And in the narrative section of the Charge, he stated that he "was discriminated against based on [his] race (African American)," but made no mention of being discriminated against because of his age. (*Id.*) Because Collins did not allege age discrimination in his Charge, he failed to exhaust his administrative remedies, as required by the ADEA. His age discrimination claim must be dismissed.

**IV. CONCLUSION**

For the reasons set forth above, WSSC's Motion is **GRANTED**. Collins' age-based discrimination claim is **DISMISSED**.

November 9, 2017                                                       /s/
Date                                                                            Timothy J. Sullivan
                                                                                  United States Magistrate Judge